## WELLIVER v WELLIVER

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1631. Decided May 8, 1940.

## OPINION

### By BARNES, J.

The above entitled cause is now being determined as an appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The notice of appeal improperly stated that the same was upon question of law and fact, whereas it is and would be an appeal on questions of law.

The transcript of docket and journal entries shows that the appeal bond was fixed and given, which would be proper procedure in case the cause would admit of a chancery appeal. It has been repeatedly determined that a divorce and alimony action is not a chancery action.

Counsel for appellant apparently corrected their error by having prepared, allowed and filed in proper time bill of exceptions, and thereafter duly filed assignments of error and briefs. We are determining the cause as an appeal on law.

On August 30, 1939, plaintiff filed his petition against defendant praying for divorce. The ground of complaint is set forth in the following short paragraph:

"For his cause of action plaintiff says that the defendant has been guilty of extreme cruelty."

A few days before the hearing a supplement to the petition was filed, allegedly for the purpose of making definite and certain the facts constituting extreme cruelty, as charged in the petition. The pertinent part of this supplemental petition reads as follows:

"That during their married life the defendant made life unbearable for this plaintiff by reason of the cold and indifferent attitude which she manifested toward him; that the latter years of their life together was marked by an entire absence of love and affection upon the part of the defendant toward this plaintiff; that in addition thereto the defendant was possessed

Baggott & Baggott, Dayton, for plaintiff-appellee.

F. N. R. Redfern, Adelphi, and H. P. Williamson, Dayton, for defendant-appellant.

of a jealous and argumentative nature; that she constantly nagged and criticized the plaintiff, particularly about his inability to provide her with the luxuries of life which were beyond the means of his income; and that by reason of the foregoing facts and the attendant nervous and mental exhaustion caused thereby it interfered with the pursuit of his studies and occupation and caused him extreme mental anguish and great physical suffering."

Prior to the filing of the supplement to the petition, the defendant had filed an answer and cross-petition. Defendant's answer admitted certain formal allegations of the petition but denied all charges of wrong-doing. The cross-petition recites the complaints against the plaintiff and, among other things, avers that plaintiff, through threats and duress, had induced her to sign articles of separation. The prayer of the cross-petition asks for alimony, temporary and permanent; that plaintiff's petition be dismissed; that the separation contract be set aside and held for naught; and that she be awarded the care, custody and control of her two children, and allowance for their education and support.

Following the filing of the supplement to the petition, defendant filed a very short answer thereto, in which she made denials of all the allegations in said supplemental petition. In a two line paragraph she charged that plaintiff before their separation had become enamored of one Virginia Bowers, and since said time had been consorting continuously with her.

The cause came on for hearing on December 20, 1939.

Local counsel for defendant presented their oral application for continuance on the claimed ground that defendant was ill and unable to be present for hearing. After a very lengthy colloquy between counsel and the court, the language of which is fully set out in the bill of exceptions, the court overruled the application for continuance. Defendant was not present, nor did she have present any witnesses on her behalf. Local counsel representing Mrs Welliver cross-examined the witnesses presented by the plaintiff.

A divorce was granted to the plaintiff. The custody of the two children remained with the defendant, and it was further ordered that the plaintiff was to continue to pay to the defendant for the support of said children the same sum of money per month as the parties had previously agreed upon.

This is the final order from which defendant prosecutes appeal.

The claimed errors set out in the Assignments of Error are as follows:

1. That the Court erred in refusing to grant the Appellant a continuance and in overruling Appellant's motion for a continuance of the trial;

2. That the Court erred in trying said case in the absence of Appellant and in not granting Appellant an opportunity to produce her witnesses or testimony to controvert the testimony of Appellee;

3. That said Court erred in granting a divorce to Appellee herein for the reason that the same was contrary to the weight of the evidence.

Assignments Nos. 1 and 2 will be considered together.

The allowance or refusal of continuance of hearing of a cause is always within the sound discretion of the trial court. It has been held, and we would so hold, that generally the enforced absence of the defendant to a cause on account of sickness would be a ground for continuance, if application for such is made in due time. It was the opinion of the trial court in the instant case that the application was not made in good faith, due to the fact that at an earlier date a postponement to day certain for trial had been agreed to, when under the facts disclosed it was known at that time that defendant was allegedly ill and unable to be present. At the date of postponement the claimed ground was the inability of principal counsel to be present.

Suffice it to say that from the state of the record we are un able to determine that the trial court abused its discretion in refusing the oral application for continuance.

We will now consider the third Assignment of Error, in substance that the Court erred in granting divorce.

Of course, this ground of error required us to very carefully read and consider the transcript of the evidence. This we have done.

As to whether or not the facts presented through the evidence present proof of extreme cruelty is a debatable question.

"It is well recognized that no exact inclusive and exclusive definition of legal cruelty can be given, and the courts have not attempted to do so but generally content themselves with determining whether the facts in the particular case in question constitute cruelty or not. Especially, according to the modern view, is the question whether defendant's spouse has been guilty of legal cruelty a pure question of fact to be resolved upon all the circumstances of the case." Ruling Case Law, Vol. 9 (Divorce) Sec. 115.

We have discovered a situation apparently overlooked by the trial court and both counsel for appellant and appellee, and which we think is determinative of the case. If we are correct in this conclusion, it will not be necessary to determine whether or not plaintiff's proof supports his allegation of extreme cruelty.

The final judgment entered discloses that the court did not determine the case on the question of extreme cruelty, as was made the sole basis for divorce in the petition, but upon the ground of gross neglect of duty, which latter was· not set out as a ground in the petition. The pertinent port'on of the journal entry reads as follows:

"Thereupon the case proceeded to trial and upon the plaintiff's testimony, the defendant having offered no testimony on her behalf, the court finds from the evidence adduced that the defendant has been guilty of gross neglect of duty as set forth in plaintiff's petition and supplement thereto, and that by reason thereof the plaintiff is entitled to a decree of divorce, and defendant having filed a motion for a new trial, the same is hereby overruled.

It is therefore ordered, adjudged and decreed that the plaintiff be, and hereby is granted a decree of divorce from the defendant, and the parties hereto released from further obligations of the marriage."

Under §11979 GC, "extreme cruelty" and "any gross neglect of duty" are designated as grounds for divorce. The terms are not synonymous. Probably it might generally be said that extreme cruelty would constitute gross neglect of duty, but rarely would gross neglect of duty constitute extreme cruelty. It might be claimed under the facts in the instant case that the charge of gross neglect of duty would be more proper than the charge of extreme cruelty. This would not warrant the trial court in granting a divorce upon a ground different from that stated in the petition. Under certain circumstances an amendment to the petition to conform to the facts might be permitted, but no such amendment was requested or made in the instant case. This statutory remedy also permits a reviewing court, in the interest of justice, to permit certain amendments in the pleadings. There is too much doubt upon the factual questions for this court to take the initiative in suggesting and permitting an amendment. Under this situation we deem it our duty to reverse and remand the cause for new trial.

Costs will be adjudged against the appellee.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 1631. Decided May 20, 1940.

BY THE COURT:

The above entitled cause is now being determined on appellee's application for rehearing.

The grounds are set forth in two separately numbered specifications.

The first claim is that the final entry of the trial court granting divorce on the ground of gross neglect of duty rather than extreme cruelty, was a clerical and stenographic error. There is nothing in the record through which this claim is made manifest, hence it would be improper for our court to make any such order.

The second specification is really argumentative as to the statements made under specification No. 1. We had no alternative but to accept the judgment entries as presented to us.

The application for rehearing will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.